UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW MAGDY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20CV1434 HEA |
| I.C.SYSTEM, INC., | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, [Doc. No. 17]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be granted.

**Facts and Background**

Plaintiff filed this action in the Twenty-Second Judicial Circuit Court for the City of St. Louis, Missouri on August 12, 2020 alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Defendant removed the action to this Court on October 5, 2020, based on the Court's federal question jurisdiction. 28 U.S.C. § 1331.

Plaintiff's Petition alleges the following, which the Court accepts as true for the purposes of this motion:

This is an action for actual and statutory damages brought to the Court by an individual non-debtor for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Plaintiff is a natural person currently residing in St. Louis, Missouri. Plaintiff is a "third party" with standing to file this suit because of the actual injuries he sustained in connection with the prohibitions contained in Section 1692c of the FDCPA. The debt at issue in this case is a consumer debt and was incurred for consumer, family, or household purposes; the debt was for less than $50 for residential "AT&T U-Verse" service.

Plaintiff is a bankruptcy attorney who helps consumers with their debts. Plaintiff has helped hundreds of consumers to discharge numerous debts, including many, many debts that Defendant has tried to collect. Plaintiff does not represent the consumer at issue in this case and has never represented the consumer at issue in this case.

Upon information and belief, Defendant knows that Plaintiff has discharged many of its debts and does not hold a favorable opinion of Plaintiff.

Prior to receiving Defendant's collection letter, Plaintiff had no knowledge of the alleged debt owed by the consumer.

Defendant I. C. System, Inc., is a corporation with its principal place of business located outside the state of Missouri. The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity. Defendant is engaged in the collection of debts from consumers through means of using the mail and the telephone.

On July 27, 2020, Defendant attempted to collect the alleged consumer debt from the Consumer via mail by sending its initial collection letter to Plaintiff. Plaintiff received this initial collection letter on or about August 3, 2020, which stated that Plaintiff had been identified as an attorney representing Consumer and asked Plaintiff to verify his representation of Consumer on the debt. The Consumer never identified Plaintiff as the Consumer's attorney, and Plaintiff never identified himself as the Consumer's attorney. The letter further explained that the Consumer had thirty days to dispute the debt, and it instructed Plaintiff to contact Defendant regarding his representation.

Plaintiff became concerned and did not recognize Consumer as a current or former client and could not ascertain why he was receiving Defendant's collection letter. Plaintiff represents numerous consumers at any given time and regularly receives mail from debt collectors, like Defendant, regarding his clients and their debts. Plaintiff could not simply ignore Defendant's collection letter for these

reasons. Plaintiff thereafter was forced to engage in an exhaustive search of his own files and records to determine if he had at any point represented Consumer or someone bearing a name similar to the Consumer's name. This search required Plaintiff spend his professional time not working on matters for his actual clients, and instead use his time and resources to verify that he did not in fact represent, currently or previously, the Consumer. Plaintiff lost revenue, productivity, and income because he was forced to "chase down" information about the Consumer. Plaintiff also experienced frustration as a result of Defendant's actions.

Upon information and belief, Defendant knew that by sending Plaintiff a letter such as this one, Plaintiff would be forced to spend his valuable professional time trying to figure out who Consumer was and why he was receiving this letter. Defendant's letter was sent precisely to harass and annoy Plaintiff and was done so with malicious intent.

Defendant's communication with Plaintiff, a third party, was a violation of § 1692c(b) because Plaintiff is a third party and Defendant's communication did not comply with the safe harbor of § 1692b and caused Plaintiff to suffer injury and actual damages. Defendant's third-party communication with Plaintiff did not qualify for the § 1692b safe harbor because it was not made "for the purpose of acquiring location information about the consumer." 15 U.S.C. § 1692b. Specifically, Defendant did not identify that it was confirming or correcting

location information and openly stated the Consumer owed a debt in the collection letter.

Upon information and belief, Defendant was at all times well aware that Plaintiff did not represent Consumer and had no permissible reason to contact Plaintiff, a third party, regarding Consumer's debt. Furthermore, Defendant caused Plaintiff to suffer the following additional injuries: Plaintiff has had to take time away from his actual consumer clients to try and determine why Defendant was alleging he represented Consumer and whether he had at any point represented Consumer. The injuries, in fact, are fairly traceable to the challenged actions of Defendant, in that Defendant sent the malicious collection letter to Plaintiff. Plaintiff's injuries are likely to be redressed by a favorable decision in this Court.

Plaintiff claims that in its attempts to collect the alleged debt from Consumer, Defendant committed violations of the FDCPA, see 15 U.S.C. §1692 et seq., including, but not limited to, the following: a. Communicating with Plaintiff, a third party, regarding the Consumer's debt and thereby causing Plaintiff injury and actual damages due to the time Plaintiff had to spend trying to learn why he was being contacted and whether he had ever represented Plaintiff.

## Standard of Review

Judgment on the pleadings is proper when there are no issues of material fact to be resolved and the moving party is entitled to judgment as a matter of law.

5

*Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). When evaluating the merits of a motion for judgment on the pleadings, the district court applies the same legal standard that applies to a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6); *see also Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). To survive a motion for judgment on the pleadings, the complaint must contain sufficient factual allegations to state a plausible claim for relief. *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). A district court accepts as true all facts pleaded by the nonmoving party and draws all reasonable inferences from the pleadings in favor of that party. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). Without more, merely reciting the elements of a cause of action is insufficient, and legal conclusions asserted in the complaint are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When deciding a motion for judgment on the pleadings, a district court refrains from considering matters beyond the pleadings, other than certain public records and "materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks omitted).

## Discussion

The FDCPA was enacted "to eliminate abusive debt collection practices," *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014)

(quoting 15 U.S.C. § 1692(e)), and "imposes civil liability on debt collectors for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010) (cleaned up).

*Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 644 (8th Cir. 2021).

Indeed, the Congressional findings and declaration of purpose provides, in pertinent part,

> (e) Purposes
>
> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect *consumers* against debt collection abuses.

15 U.S.C.A. § 1692 (emphasis added).

A consumer is specifically defined in the statute as: "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C.A. § 1692a(3). Plaintiff does not fall within the definition of "a consumer," nor does he fit within the stated Congressional declaration of the purpose of the statute itself.

Plaintiff urges the Court to follow *Thomas v. Consumer Adjustment Co*, 579 F.Supp.2d 1290 (E.D. Mo. 2008). In *Thomas*, the Court held that a non-consumer who lived with the actual consumer, could bring suit under 15 U.S.C. § 1692c based on the particular circumstances surrounding the communications. *Thomas* is inapplicable since it was decided on a unique set of facts wherein the plaintiff

7

and the consumer shared a residence; the telephone call was made to that residence.

Here, the letter was sent to Plaintiff, an attorney who has represented a number of consumers in bankruptcy proceedings. It appears from the letter, which the Court can consider on this motion, since it is necessarily embraced by the pleadings that it was merely an attempt to obtain information, not an attempt to collect the debt specifically from the consumer. The letter asks Plaintiff to confirm representation, quite possibly an attempt by the debt collector to ascertain whether the automatic bankruptcy stay applied to the consumer.

The Eighth Circuit has not had occasion to analyze whether Section 1692c applies to persons other than a consumer. This Court agrees with the greater weight of authority that concludes, based on the definitions in the statute, as well as other subchapters of the FDCPA, which discuss applicability of remedies for persons other than consumers, that only consumers had standing to bring Section 1692c claims. *See, Todd v . Collecto, Inc.*, 731 F.3d 734, 737-38, (7th Cir. 2013)("In contrast to § 1692d, § 1692c restricts debt collectors' communications with and about consumers and is understood to protect only the consumer-debtors themselves"; *Montgomery v. Huntington Bank,* 346 F.3d 693, 696 (6th Cir. 2003)("relief is limited to 'consumers' only under § 1692c.") ; *Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d 647, 649 n. 1 (6th Cir.1994) (en banc); *Hayes v.*

8

*Receivables Performance Mgmt., LLC*, No. 17-CV-1239, 2018 WL 4616309, at *5 (N.D. Ill. Sept. 26, 2018)(Plaintiff is not a consumer under the FDCPA and therefore cannot pursue any claims under § 1692c(a)(1) since plaintiff was not obligated on the debt); *Srachta v. Ditech Fin. LLC*, No. 17-CV-01370, 2017 WL 5903836, at *2 (N.D. Ill. Nov. 30, 2017)("Section '1692c restricts debt collectors' communications with and about consumers and is understood to protect only the consumer-debtors themselves.' *Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013)."

## Conclusion

Based upon the foregoing analysis, Defendant's Motion for Judgment on the Pleadings is well taken.  Plaintiff is not a "consumer" under the statute, and therefore has no standing to bring this cause of action under 15 U.S.C. § 1692c.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED.**

A separate judgment is entered this same date.

Dated this 25th day of August 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE